```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
                               )
          v.                   )   CRIMINAL No. 00-10172-PBS
                               )
FREDDY MARTINEZ,               )
          Defendant.           )
```

                    MEMORANDUM AND ORDER
                       March 8, 2013

SARIS, C.J.

Now before the Court is Freddy Martinez' pro se motion for post-conviction relief.  See Docket No. 480.  He styles his pleading as a motion for relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure.

### Relevant Background

After a jury trial before United States District Judge Nancy Gertner, Freddy Martinez was found guilty of conspiracy to possess and distribute narcotics.  See Docket No. 339.  On December 11, 2003, he was sentenced by Judge Gertner to a term of 360 months of imprisonment, five years supervised release, and forfeiture in the amount of $3,000,000.  See 12/11/03 Electronic Clerk's Notes; see also Docket 406, Judgment.

On June 23 2006, Defendant's conviction and sentence were affirmed by the United States Court of Appeals for the First Circuit.  See Docket No. 431.  Defendant made an unsuccessful challenge to his conviction pursuant to 28 U.S.C. § 2255.  See Martinez v. United States, C.A. No. 07-11788-NG (denied by Order dated Sept. 10, 2010).  Judge Gertner denied Martinez' motion for

a certificate of appealability to challenge the denial of his Section 2255 motion. See 1/28/11 Electronic Order.  On August 23, 2011, the First Circuit denied Martinez' request for a certificate of appealability. See Docket No. 35, Martinez v. United States, C.A. No. 07-11788-NG.

The docket indicates that there are several outstanding motions concerning the forfeiture of Martinez' property.  See Docket.  The Court will not consider the motions concerning forfeiture at this time and will confine it's consideration to Martinez' motion for post-conviction relief.  See Docket No. 480.

## DISCUSSION

Martinez seeks relief under Rule 60(b)(6) in order to raise a claim of ineffective assistance of counsel allegedly made possible by retroactive application of the Supreme Court's recent rulings in Lafler v. Cooper, - U.S. -, 132 S. Ct. 1376, 182 L.Ed. 2d 398 (2012), and Missouri v. Frye, U.S. -, 132 S. Ct. 1399, 182 L.Ed. 2d 379 (2012).  See Docket No. 480.  Specifically, Martinez complains that his defense attorney advised him to "turn down [the] plea offer, because if he would except (sic) the government offer to the plea agreement, he would get the same amount of time if [he] went to trial, due to the government absent (sic) of drug quantity amount states in the plea agreement, despite the government level 21 position [concerning the amount of cocaine]." See Def. Mot, page 2.  Martinez contends that he insisted to his

defense attorney that "he speak with the government and negotiate a plea offer that would not result in a sentence that would be the same sentence if he would have proceed[ed] to trial."  Id. at page 3.

Rule 60(b) allows a court, in a variety of enumerated circumstances, to "relieve a party ... from a final judgment, order, or proceeding."  Rule 60(b)(6), the "catch-all" provision, permits the court to do so for "any other reason that justifies relief"and "only if extraordinary circumstances are present."

The instant motion was filed in Martinez' criminal case.  However, criminal cases are governed not by the Federal Rules of Civil Procedure, but rather by the Federal Rules of Criminal Procedure. See Fed. R. Civ. P. 1(a)(1) ("[These rules govern the procedure in all civil actions and proceedings.").  As filed, therefore, Rule 60(b) cannot provide the relief Martinez seeks pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Because Martinez is proceeding pro se, his motion is construed more less strictly than one filed by an attorney.  See e.g. Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (noting that pro se documents are to be liberally construed); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972) (noting that courts should read pro se pleadings less strictly than pleadings drafted by lawyers); Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008)

(noting that pro se pleadings are held to less demanding standards than those drafted by lawyers); United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) ("pro se habeas petitions normally should be construed liberally in petitioner's favor"); Prou v. United States, 199 F.3d 37, 42 (1st Cir. 1999) (applying a more tolerant standard of particularity to a pro se motion for 28 U.S.C. § 2255 habeas relief).  A court's solicitous discretion, however, is not unfettered.  See, e.g.,Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000) (stating that pro se litigants are not exempt from procedural rules); Ahmed v. Rosenblatt, 118 F.3d 886 (1st Cir. 1997) (noting that pro se status does not insulate a party from complying with procedural and substantive law);  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (stating that pro se status does not exempt a party from compliance with relevant rules of procedural and substance law).

The law regarding the use of Rule 60(b) motions in post conviction proceedings is well-established:

> [A] motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment previously entered in a section 2255 case "should be treated as a second or successive habeas petition if—and only if—the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." [citation omitted.] If, however, "the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured[,] the motion may be adjudicated under the jurisprudence of Rule 60(b)." [citation omitted]

4

Munoz v. United States, 331 F.3d 151, 152–153 (1st Cir. 2003), quoting Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003).

The instant motion is treated as a successive motion for post-conviction relief and Martinez must "obtain from 'the appropriate court of appeals ... an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A) (as incorporated in 28 U.S.C. § 2255[h])." Munoz, 331 F.3d at 153 (citing Rainieri v. United States, 233 F.3d 96, 99 (1st Cir. 2000)). There is nothing in the record to indicate that Martinez has obtained such authorization from the First Circuit pursuant to § 2255(h) and § 2244(b)(3). Absent such authorization from the First Circuit, this Court is without jurisdiction to consider the motion.

Finally, even if Martinez' Rule 60(b) motion is not treated as a successive Section 2255 motion, he has not shown that he is entitled to relief. Changes in decisional law, such as the Supreme Court's rulings in Laffler and Frye, do not constitute the "extraordinary circumstances" required for granting Rule 60(b)(6) relief. See O'Callaghan v. Shirazi, No. 06-1349, 2006 WL 3218518, 204 Fed. Appx. 35, 36 (1st Cir. 2006) (per curiam) (citing United States ex rel. Garibaldi v. Orleans Parish Sch. Bd., 397 F.3d 334, 337-38 (5th Cir. 2005) (Supreme Court decision clarifying law and resolving circuit split was not an "extraordinary circumstance" justifying relief under Rule 60(b));

Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund, 249 F.3d 519, 524-25 (6th Cir. 2001) (notwithstanding change in decisional law, equity favored denial of Rule 60(b)(6) motion, given the amount of time that had passed since final judgment; reliance of parties upon that judgment; and public policy favoring finality of judgments)).

## ORDER

Based upon the foregoing, it is hereby ORDERED that Petitioner's Rule 60(b)(6) Motion (Docket No. 480) is DENIED. SO ORDERED.

| | |
|---|---|
|   March 8, 2013   | /s/ Patti B. Saris |
| DATE | PATTI B. SARIS |
| | UNITED STATES DISTRICT JUDGE |