UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, v. FREDDY MARTINEZ, Defendant. | ) ) ) ) ) ) | CRIMINAL NO. 00-10172-PBS |

MEMORANDUM AND ORDER
October 17, 2013

SARIS, C.J.

For the reasons stated below, Defendant's pro se motions are denied and the Clerk shall terminate Docket No. 442 because it was denied on September 10, 2010 in C.A. No. 07-11788. The Clerk will allow the government's Motion for Supplemental Preliminary Order of Forfeiture by separate order.

## BACKGROUND

Defendant Freddy Martinez was convicted after jury trial and sentenced by Judge Nancy Gertner.[1] Defendant's sentence included forfeiture of $3 million and still in question is the forfeiture of a house located in the Dominican Republic. Now before the Court are pleadings concerning Defendant's sentence, the forfeiture of the Dominican Republic property and other miscellaneous motions.

### I. Relevant Sentencing Background

On February 12, 2003, a jury returned a guilty verdict against Defendant Freddy Martinez on a charge of conspiracy to

[1] After Judge Gertner's retirement from the bench in 2011, this action was reassigned to the undersigned in 2012.

possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. See Docket No. 339. On December 11, 2003, Defendant Martinez was sentenced by Judge Nancy Gertner to a term of 360 months of imprisonment, five years supervised release, and forfeiture in the amount of $3,000,000. See 12/11/03 Electronic Clerk's Notes; see also Docket 406, Judgment.

On June 23 2006, Defendant's conviction and sentence were affirmed by the United States Court of Appeals for the First Circuit. See Docket No. 431. Defendant made several unsuccessful challenges to his conviction pursuant to 28 U.S.C. § 2255. See 03/08/2013 Order, Docket No. 488 (denying pro se motion for post-conviction relief); see also Martinez v. United States, C.A. No. 07-11788-NG (denied by Order dated Sept. 10, 2010).

Judge Gertner denied Defendant's motion for a certificate of appealability to challenge the denial of his Section 2255 motion. See 1/28/11 Electronic Order. On August 23, 2011, the First Circuit denied Martinez' request for a certificate of appealability. See Docket No. 35, Martinez v. United States, C.A. No. 07-11788-NG.

## II. Relevant Criminal Forfeiture Background

Defendant's December 11, 2003 sentence included forfeiture of $3 million in the form of a personal money judgment. See Docket Nos. 344 and 406. Authorities seized $24,294 in United

States currency from Defendant's residence in Lynn, Massachusetts on May 18, 2000, which funds were named as a defendant in a civil forfeiture matter. See United States v. $24,294 in U.S. Currency, Civil Action No. 00-12384-REK (06/07/01 final judgment and order of forfeiture).

On January 8, 2007, Martinez filed his self-prepared Motion for the Return of Property, pursuant to Rule 41(g) of the Federal Rules of Civil Procedure, seeking the return of various property seized by the government in connection with his arrest. See Docket No. 435. The United States filed its opposition to Martinez' Motion on March 12, 2007 and requested that the Court order Martinez to state with specificity other unnamed items for which he sought return. See Docket No. 436.

On August 9, 2007, Judge Gertner entered an order directing Martinez "to identify with specificity which items he seeks to have returned, whether or not he is the legal owner of such items, and if he is not, how he has standing to seek their return."

One week later, on August 15, 2007, Martinez filed a "Motion for the Return of Property Seized on Foreign Soil Based on a United States Directive Pursuant to Federal Rules of Criminal Procedure, Rule 41(g), Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, or Any Civil Remedy to Apply the Principles of Equity." See Docket No. 438. Defendant's

supporting memorandum references one property in the Dominican Republic, more specifically described as La Calle Pedro Albizo, Campos #22, del Sector de la Castellana, Santo Domingo, Dominican Republic (the “Dominican Republic Property”). See Docket No. 439. With his motion, Defendant submitted a “Title” document which he asserted was for the Dominican Republic Property and evidenced his ownership of the property. See Docket No. 440. Defendant asserted that the Dominican Republic Property was seized by authorities in the Dominican Republic and requested that this Court enter an order disclaiming any interest of the United States in the Dominican Republic Property so that it could be returned to the Defendant by the Dominican Republic authorities. Defendant filed a similar motion restating this claim on November 5, 2007. See Docket Nos. 450 and 451. The United States filed an opposition as well as a Supplemental Preliminary order of Forfeiture. See Docket Nos. 452-453. The opposition argues that United States has a right to seek an order of forfeiture against the Dominican Republic Property as a substitute asset to satisfy, in part, the $3 million judgment against the Defendant. See Docket No. 453.

On October 9, 2009, Defendant filed his reply to the United States’ opposition arguing that the Government lacked the authority to seize the Dominican Republic Property, and opposed the United States’ Motion for Supplemental Preliminary Order of Forfeiture. See Docket No. 471. On October 19, 2012, Defendant

resubmitted his motion seeking a hearing as well as a determination concerning the Dominican Republic Property. See Docket No. 481. On January 10, 2013, the Government filed a reply to Defendant's resubmitted motion. See Docket No. 483. On January 25, 2013, Defendant file a reply to the Government's response. See Docket No. 484.

On February 9, 2013, the United States notified the Court that it obtained title documents regarding the Dominican Republic Property and sought additional time to have the documents translated. See Docket No. 485. Less than two weeks later, on February 22, 2013, the Government informed the Court that it obtained a translation of the title for the Dominican Republic Property and renewed its request for a ruling on the pending motion for preliminary order of forfeiture. See Docket No. 487. At the same time, on February 22, 2013, Defendant moved for dismissal of the government's forfeiture claim due to prosecutorial misconduct. See Docket No. 486. The Government opposed Defendant's resubmitted motion. See Docket No. 487.

Finally, the docket indicates that there are several pending motions that may no longer require action because they were filed while this case was before the sentencing judge.

## DISCUSSION

### I. Challenge to Sentence

Defendant's Rule 60(b)(6) motion for post-conviction relief based upon ineffective assistance of counsel was denied by

Memorandum and Order dated March 8, 2013. See Docket No. 488. Petitioner's motion was treated as a successive motion and denied because this Court is without jurisdiction to consider such motion without authorization from the First Circuit pursuant to § 2255(h) and § 2244(b)(3). The March 8, 2013 Memorandum and Order noted that changes in decisional law, such as the Supreme Court's rulings in Laffler and Frye, do not constitute the "extraordinary circumstances" required for granting Rule 60(b)(6) relief.

Now before the Court is Defendant's Motion and Amended Motion for Reconsideration of the March 8, 2013 denial of his Rule 60(b)(6) motion. See Docket Nos. 490, 494. Also before the Court is Defendant's Petition for Relief Under the All Writs Act, 28 U.S.C. § 1651(a), see Docket No. 492, and the Government's opposition. See Docket No. 493.

As to Defendant's most recent Petition for Relief, the Court agrees with the Government that Defendant's request, in substance, is a second or successive petition pursuant to Section 2255 and fails to meet the gate-keeping requirements for such a filing. Also, as noted by the Government, Defendant's Booker claim was rejected on direct appeal.

To the extent Defendant seeks reconsideration of the denial of his Rule 60(b)(6) motion, such requests will be denied. See Docket Nos. 490, 494. Defendant contends that the Court "overlooked a significant claim of ineffective assistance of counsel and violation of due process rigth (sic) that was raised

on the previous §2255 motion, and existing caselaw conclusively demonstrates an entitlement to relief on those particular claims." See Docket No. 494. In his Supporting Memorandum, the Defendant again argues that his sentence needs to be vacated under the retroactivity of Alleyne,[2] which extended the Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), holding to facts that increase a defendant's statutory mandatory minimum sentence. See Docket No. 495. Even if Martinez' Rule 60(b) motions are not treated as a successive Section 2255 motions, this Court previously noted in the March 8, 2013 Memorandum and Order that changes in decisional law do not constitute the "extraordinary circumstances" required for granting Rule 60(b)(6) relief. See Docket No. 488.

Thus, Defendant has not shown that he is entitled to relief and his motions for relief will be denied. See Docket Nos. 490, 492 and 494.

II. Miscellaneous Pending Motions

On September 24, 2007, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. See Docket No. 442, see also

[2] Alleyne v. United States, No. 11-9335, 2013 WL 292216, 133 S. Ct. 2151 (June 17, 2013). To date, four district courts have found that Alleyne does not apply retroactively to cases on collateral review. See United States v. Stanley, 2013 WL 3752126, at *7 (N.D. Okla. July 16, 2013); United States v. Eziolisa, 2013 WL 3812087, at *2 (S.D. Ohio July 22, 2013); Affolter v. United States, 2013 WL 3884176, at *2 (E.D. Mo. July 26, 2013); United States v. Reyes, 2013 WL 4042508, at *19 (E.D. Pa. Aug. 8, 2013).

Martinez v. United States, C.A. No. 07-11788 (denied Sept. 10, 2010). Because the 2007 motion had been decided in 2010, the Clerk will be directed to terminate this motion from the docket.

Pending from 2008 is Defendant's motion seeking service of a subpoena by the U.S. Marshals Service accompanied by a Motion to Proceed In Forma Pauperis. See Docket Nos. 461-462. A review of the record indicates that defense counsel made Defendant's criminal file available to the Defendant. See 09/18/2008 Letter, Docket No. 466. Thus, Defendant's motions for service of subpoena by the U.S. Marshals Service will be denied.

III. Property Forfeiture Motions

Several motions for forfeiture[3] were taken under advisement by Judge Gertner. See 12/17/2009 Electronic Clerk Notes.

On October 19, 2012, Defendant re-submitted his 2007 Motion for Return of Property with a request for a hearing. See Docket No. 481. Earlier this year, the Government sought a stay of any forfeiture ruling so that it could determine the status of the Dominican Republic Property. See Docket Nos. 483, 485. The Government subsequently informed the Court that it obtained a translation of the title for the Dominican Republic Property and renewed its request for a ruling on the pending motion for

[3]Those motions are (1) Defendant's initial Motion (#435) for Return of Property and the Government's Opposition (#436); (2) Defendant's Motion (#450) for Return of Defendant's house in the Dominican Republic and the Government's Opposition (#453); and the Government's Motion (#452) for Supplemental Preliminary Order of Forfeiture.

preliminary order of forfeiture. See Docket No. 487. At the same time, on February 22, 2013, Defendant moved for dismissal of the government's forfeiture claim due to prosecutorial misconduct. See Docket No. 486. The Government opposed Defendant's resubmitted motion. See Docket No. 487. The Court denies Defendant's motions and, by separate order, will allow the government's Motion for Supplemental Preliminary Order of Forfeiture.

ORDER

Based upon the foregoing, it is hereby ORDERED that

1. Defendant's Motion (#435) for Return of Property; Motion (#438) for Return of Property/Post Trial; Motion (#450) for Return of Defendant's house in the Dominican Republic; Motion (#461) for service of a subpoena by the U.S. Marshals Service; Motion (#462) to Proceed In Forma Pauperis; Motion (#481) for Return of Property with Request for Hearing; Motion (#486) to Dismiss Forfeiture Claim Due to Prosecutorial Misconduct; Motion (#490) for Reconsideration of the March 8, 2013 denial of his Rule 60(b)(6) motion; Petition (#492) for Relief Under the All Writs Act, 28 U.S.C. § 1651(a); Amended Motion (#494) for Reconsideration of the March 8, 2013 denial of his Rule 60(b)(6) motion; and Motion (#498) for Appointment of Counsel are DENIED;

2. The Clerk shall terminate Docket No. 442 because it was denied on September 10, 2010 in C.A. No. 07-11788.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
Chief, U.S. District Judge