UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,        )
                                 )
             v.                  )    CRIMINAL NO.
                                 )    00-10172-PBS
                                 )
FREDDY MARTINEZ,                 )
             Defendant.          )

            SUPPLEMENTAL PRELIMINARY ORDER OF FORFEITURE
                         October 17, 2013

SARIS, C.J.

    WHEREAS, on December 19, 2002, a federal grand jury sitting in the District of Massachusetts returned a one-count Superseding Indictment charging defendant Freddy Martinez (the "Defendant"), with Conspiracy to Possess with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Section 846;

    WHEREAS, the Superseding Indictment also included a Forfeiture Allegation, pursuant to 21 U.S.C. § 853, which sought the forfeiture of any and all property, constituting or derived from any proceeds the Defendant obtained, directly or indirectly, as a result of the drug violations, and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations;

    WHEREAS, the Superseding Indictment provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has

been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant up to the value of the property described as forfeitable in the Forfeiture Allegation;

WHEREAS, on February 12, 2003, after an eleven-day jury trial, the Defendant was found guilty of Count One of the Superseding Indictment;

WHEREAS, also on February 12, 2003, Special Verdict of Forfeiture against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), finding that he had derived proceeds as a result of the drug violation charged in the Indictment in the amount of $3,000,000;

WHEREAS, on March 11, 2003, the Court[1] issued a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, finding that the United States had established the requisite nexus between the property alleged to be forfeitable and the offenses committed by the Defendant, and that, by virtue of the Defendant's conviction and the jury's verdict of forfeiture, the United States was entitled to the forfeiture of $3,000,000 in United States currency (the "Currency") from the Defendant;

---

[1] After Judge Gertner's retirement from the bench in 2011, this action was reassigned to the undersigned in 2012.

WHEREAS, on December 11, 2003, as part of the sentencing of the Defendant, the Court included the forfeiture of the Currency in the oral pronouncement of the Defendant's sentence and incorporated the order of forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3);

WHEREAS, on December 15, 2003, the Defendant appealed the jury verdict and his sentence in the instant criminal case to the United States Court of Appeals for the First Circuit;

WHEREAS, on June 23, 2006, the First Circuit issued a Mandate affirming the conviction and sentence of the Defendant;

WHEREAS, the United States had not, as of the date of the Defendant's sentencing, identified any specific assets that constituted proceeds of the Defendant's illegal drug activity;

WHEREAS, pursuant to 21 U.S.C. § 853(p) and Federal Rule of Criminal Procedure 32.2(e), the United States is entitled to forfeiture of any property of the Defendant up to the value of the Currency;

WHEREAS, the United States has identified certain property of the Defendant, in connection with this criminal case, and hereby seeks a Supplemental Preliminary Order of Forfeiture;

WHEREAS, the forfeitable property is described as: La Calle Pedro Albizo, Campos #22, del Sector de la Castellana, Santo Domingo, Dominican Republic (the "Dominican Republic Property"),

and has been identified as property of the Defendant which is subject to forfeiture as a substitute asset.

NOW THEREFORE IT IS ORDERED, ADJUDGED AND DECREED:

1. The United States' Motion (#452) for Supplemental Preliminary Order of Forfeiture is ALLOWED.

2. As a result of the offenses alleged in the Superseding Indictment for which the Defendant has been convicted, and pursuant to 21 U.S.C. § 853(p), and Rule 32.2 of the Federal Rules of Criminal Procedure, the Dominican Republic Property, in an amount up to the value of the Currency, is subject to forfeiture to the United States. In addition, if, as the result of any act or omission of the Defendant, the Dominican Republic Property is unavailable for forfeiture, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Currency, pursuant to 21 U.S.C. § 853(p).

3. Based upon the conviction of the Defendant, the United States is hereby authorized to seize the Dominican Republic Property, and an amount up to the value of the Currency is hereby forfeited to the United States of America for disposition, pursuant to the provisions of 21 U.S.C. § 853.

4. The Dominican Republic Property is to be seized and held by the United States Marshals Service in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n), the United States

Marshals Service shall take any other appropriate steps, pursuant to the applicable provisions of 21 U.S.C. § 853, to seize, forfeit, and dispose of the Dominican Republic Property, in an amount up to the value of the Currency, giving notice as required by law.

6. Pursuant to 21 U.S.C. § 853(n)(1), the United States Marshals Service shall publish at least once for three successive weeks in the Boston Herald, or any other newspaper of general circulation in the District in which the Dominican Republic Property is located, notice of this Order and of the intent of the United States to dispose of the forfeited Dominican Republic Property, in an amount up to the value of the Currency, in such manner as the Attorney General may direct.

7. Pursuant to 21 U.S.C. § 853(n)(1), the United States Marshals Service shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Dominican Republic Property to be forfeited.

8. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Dominican Republic Property shall within thirty (30) days of the final publication of notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court for the District of Massachusetts and serve same upon the United States Attorney's Office, Asset Forfeiture

Unit, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210, requesting a hearing to adjudicate the validity of his or her interest in the Dominican Republic Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Dominican Republic Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Dominican Republic Property, any additional facts supporting the petitioner's claim, and the relief sought.

    9. Pursuant to 21 U.S.C. § 853(n)(6) and (7), following the Court's disposition of all petitions filed under this subsection, or, if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of such petitions, the United States of America shall have clear title to the forfeited Dominican Republic Property, in an amount up to the value of the Currency.

    10. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

    11. This Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

SO ORDERED.

                                          /s/ Patti B. Saris

```
                                PATTI B. SARIS
                                Chief, U.S. District Judge
```